**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TASH JERNAZIAN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00803-ALM- |
| v. | § | CAN |
| | § | |
| DENTON ECONOMIC DEVELOPMENT, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On September 20, 2022, *pro se* Plaintiff Tash Jernazian ("Plaintiff") initiated the instant

lawsuit through the filing of his Original Complaint [Dkt. 1]. Plaintiff also filed a motion to

proceed *in forma pauperis*, which remains pending [Dkt. 3]. Plaintiff has filed at least five cases,

here, in the Eastern District of Texas, Sherman Division, two of which have been dismissed for

failure to prosecute, including failure to provide an updated address.[1]

Notably, in one of the dismissed cases referred to the undersigned, *Jernazian et al. v. Little*

*Elm Post Office*, Case No. 4:22-cv-00197-ALM-CAN, correspondence from the Court to Plaintiff

was returned undeliverable ("RETURN TO SENDER - INSUFFICIENT ADDRESS - UNABLE

TO FORWARD") [Dkt. 8]. Plaintiff provided the same mailing address in this case as in

Cause No. 4:22-cv-00197. Accordingly, on March 22, 2023, the Court ordered Plaintiff to update

his current mailing address with Clerk of Court in this cause [Dkt. 5]. That Order was returned

undeliverable on April 10, 2023 [Dkt. 6] ("RETURN TO SENDER - INSUFFICIENT ADDRESS

---

[1] The cases already dismissed are: *Jernazian v. Coventry Homes et al.*, No. 4:22-cv-00027-SDJ-KPJ (E.D. Tex. Dec. 2, 2022); *Jernazian et al. v. Little Elm Post Office*, No. 4:22-cv-00197-ALM-CAN (E.D. Tex. Mar. 21, 2023). In addition to the instant cause, the other cases that are currently pending in this division are: *Jernazian v. Denton Economic Development*, No. 4:22-cv-00803-SDJ-CAN (E.D. Tex. filed Sept. 20, 2022); *Jernazian v. FEMA*, No. 4:22-cv-00804-ALM-CAN (E.D. Tex. filed Sept. 20, 2022).

- UNABLE TO FORWARD").  At present, Plaintiff has not provided a current address in this matter or in any other matter before the Court of which the undersigned is aware.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the Court, and appellate review is confined solely to whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).  Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.  *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).

The Court directed Plaintiff to provide his current physical mailing address to the Court. Plaintiff failed to comply with this Order.  *See Isom v. Indio Mgmt. at the Everly*, No.4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 ("The Court recommends the instant suit be dismissed under Rule 41(b) for failure to comply with Court Orders and to diligently prosecute."), *report and recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021); *Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) (plaintiff's "failure to submit an updated mailing address evinces his failure to prosecute his own case"), *report and recommendation adopted sub nom. Ernest Bob Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3032725 (E.D. Tex. July 19, 2021); *Bennett v. Smith Cnty. Jail*, No. 6:21CV010, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5, 2021) ("Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case."), *report and recommendation adopted sub nom. Bennett v. Smith*, No. 6:21-CV-00010, 2021 WL 926207 (E.D.

Tex. Mar. 10, 2021).  Accordingly, the present case should be dismissed without prejudice under

Federal Rule of Civil Procedure 41(b) for failure to prosecute this case and comply with court

orders.  *See* FED. R. CIV. P. 41(b).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that this case be **DISMISSED**

**WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must

serve and file specific written objections to the findings and recommendations of the magistrate

judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-

to factual findings and legal conclusions of the magistrate judge that are accepted by the district

court, except upon grounds of plain error, provided that the party has been served with notice that

such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C.

§ 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 18th day of May, 2023.**


_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – Page 3